FILED
SUPERIOR COURT
GUAM

2014 MAR 17 PM 2: 13

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>DELBERT L. SWEGLER,<br><br>Decedent. | PROBATE CASE NO. PR 0118-12<br><br>**DECISION AND ORDER DENYING PETITIONER'S MOTION FOR PROTECTIVE ORDER AND GRANTING CONTESTANTS' MOTION TO RE-OPEN AND EXTEND DISCOVERY DEADLINES AND MOTION TO COMPEL** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 28th day of February, 2014, for hearing on Petitioner's Application for *Ex Parte* Order, Contestants' Motion to Compel and Motion to Re-open Discovery. Attorney Bill R. Mann represented the Defendant-Petitioner Belen Z. Segler, Attorney Joaquin C. Arriola Jr. represented Plaintiff-Contestant Karen Swegler, and Joyce C.H. Tang represented the Plaintiff-Contestants Delle Swegler Nadler, Moana Swegler Luka, and Mark Allen Swegler ("The Swegler heirs").

## PROCEDURAL HISTORY

The Defendant-Petitioner Belen Z. Swegler is the widow of the decedent Delbert L. Swegler, and Plaintiff-Contestants are the children of Delbert L. Swegler. On August 21, 2012 the Defendant-Petitioner submitted a Petition for Probate of Will dated June 10, 2011. Plaintiff-

Contestant Karen K.B. Swegler filed an Opposition and Objection to Probate of Will on October 9, 2012. Plaintiff-Contestants the Swegler heirs filed an Amended Opposition to Probate of Will and Objection on October 30, 2012.

The present motions follow a discovery period that was scheduled to end on May 24, 2013. In her deposition of May 22, 2013, Belen Z. Swegler stated that she had signed a prenuptial agreement with Delbert L. Swegler, and that she believed that prenuptial agreement limited her property interests in the event of divorce. She also said she did not have a copy of the agreement at that time.

Subsequently, Belen Z. Swegler obtained a copy of the prenuptial agreement from Ladd Bauman, the attorney who had drafted it, and Counsel for the Contestants learned about this in November. It was not turned over upon request, while the parties were in mediation. The present motions were filed after mediation concluded without a settlement agreement. The Motion to Re-open and Extend Discovery Deadline was made on January 30, 2014. The Motion for Protective Order was filed on February 13, 2014. The Motion to Compel was filed on February 26, 2014.

## ANALYSIS

The original Scheduling Order and Discovery Plan set a date of May 24, 2013 for the close of discovery. Extensive discovery was conducted between November 2012 and May 2013. Notwithstanding that deadline, on May 31, 2013 Contestants/Plaintiffs Delle Swegler Nadler, et al., filed a Motion to Compel, which was granted by the Court at hearing on September 18, 2013. The court ordered submission of a list of documents to be produced, for it to approve or deny based both on relevance to the petition to serve as executrix, and also based on whether the documents were available from other sources.

"A scheduling order shall not be modified except upon a showing of good cause and by leave of the court." Guam R. Civ. P. 16(b). The court finds that further discovery relevant to the appointment as executrix, including the Contestants' claims of undue influence and incapacity to make a will, is as yet undone, and that the same good cause exists to allow for further discovery as was previously allowed.

The Defendant-Petitioner Belen Z. Swegler has filed a Motion for Protective Order to cancel the Deposition Notice and Subpeona Duces Tecum issued to Merrill Lynch Wealth Management. Petitioner requests this order on the basis of the Scheduling Order. But as stated above, good cause exists to deviate from the Scheduling Order, as has previously been done. Moreover, Petitioner's counsel improperly attempts to assert the rights of Merrill Lynch in order to prevent Contestants from acquiring the documents and information they seek.

The prenuptial agreement between the decedent Delbert L. Swegler and Defendant-Petitioner Belen Z. Swegler may similarly be relevant. As argued by the Plaintiff-Contestants, the prenuptial agreement may help determine the composition of the estate, by enumerating the separate property of Mr. Swegler at the time prenuptial agreement was executed. It also may be relevant to their claims that Mrs. Swegler exercised undue influence on her late husband by inducing him to execute the purported will.

## CONCLUSION

For the reasons set forth above, the Defendant-Petitioner's Motion for Protective Order is DENIED; the Plaintiff-Contestants' Motion to Re-open and Extend Discovery Deadline is GRANTED, and the Plaintiff-Contestants' Motion to Compel is GRANTED. Discovery is reopened for a period of thirty (30) days from the date of this Order. Both Defendant-Petitioner and Plaintiff-Contestants are ordered to submit lists of outstanding discovery for the Court's

approval or denial no later than ten (10) days from the date of this Order. The prenuptial agreement is to be submitted to all parties under seal, and it is to remain confidential until such time as the court determines otherwise.

IT IS SO ORDERED  MAR 1 7 2014                .

HONORABLE ARTHUR R. BARCINAS
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

B. Mann;
J. Arriola Jr.; Joyce Tang
Date: 3/17/14  Time: 2:20p

Deputy Clerk, Superior Court of Guam